## Joseph & Norinsberg LLC
### Fighting for Employee Justice

**Queens Office**
69-06 Grand Avenue, 3rd Floor
Maspeth, New York 11378

**Manhattan Office**
110 East 59th Street, Suite 2300
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1515 Market Street, Suite 1200
Philadelphia, Pennsylvania 19102

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Ave, Suite 832
Winter Park, Florida 32790

Jon L. Norinsberg, Esq.
jon@norinsberglaw.com

December 17, 2024



**VIA ECF**
Hon. Gary Stein
United States Magistrate
Southern District of New York
United States Courthouse
500 Pearl Street, Room 9A
New York, N.Y. 10007-1312
GSteinNYSDChambers@nysd.uscourts.gov

   Re: **Juan Igartua v. Kush Culture Industry LLC,**
      **Case No. 1:24-cv-06374 (DEH) (GS)**
      <u>**Response to Order to Show Cause**</u>

Dear Judge Stein:

  We represent Plaintiff Juan Igartua in the above-referenced matter. We are writing in response to the Court's Order dated December 2, 2024, which requires Plaintiff to show cause why a recommendation should not be made to the Honorable Dale Ho (USDJ) that this case be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

  Plaintiff initiated this action by filing a Complaint on August 23, 2024 (ECF Doc. No. 1). On the same day, the Summons in a Civil Action was issued (ECF Doc. No. 3). Regrettably, due to unforeseen staffing issues within our office, we were unable to serve the Defendant promptly as is our usual practice.

  Our office experienced significant disruptions following the departure of key personnel, including our lead counsel for the ADA Division and a senior paralegal, both of whom were integral to the management and prosecution of our cases. Their simultaneous departure left us without critical resources, resulting in delays in our ability to effectively prosecute this case. Upon discovering the oversight, we took immediate steps to rectify the situation. We have now fully resolved these staffing issues and have re-established a stable and effective workflow.

On December 6, 2024, Meridian Investigations & Security served Defendant, Kush Culture Industry LLC, "by delivering two true copies of the Summons in a Civil Action, Class Action Complaint and Demand for Jury Trial pursuant to New York State Section 303 LLCL together with the statutory service fee in the amount of $40.00" (ECF Doc. No. 8). This service was completed within the 90-day period required under Fed. R. Civ. P. Rule 4(m), and Defendant's Answer is now due on December 30, 2024 (ECF Doc. No. 8 – Text). To date, Defendant has not answered the Complaint nor responded in any substantive manner.

Additionally, we assure the Court that the Defendant has not been prejudiced by this delay. The Defendant has not yet answered or otherwise responded to the Complaint, and no substantive proceedings have occurred that would be adversely affected by the delay. The brief postponement has allowed us to ensure that all necessary preparations are in place to proceed without further interruption.

We assure the Court that we are prepared to comply with all deadlines and procedures henceforth. Specifically, we will initiate the process to file the motion for Default Judgment against the Defendant on December 30, 2024, should Defendant fail to answer or otherwise respond to the Complaint.

Given the significant effort we have invested to overcome these challenges, we respectfully request that the Court not dismiss this case. We are fully committed to proceeding with the prosecution of this matter and ensuring that all future deadlines are met.

Thank you for your understanding and consideration.

Respectfully submitted,

JOSEPH & NORINSBERG, LLC

Sincerely,

*[signature]*

Jon L. Norinsberg, Esq.
*Attorney For Plaintiff*
110 East 59th Street,
Suite 2300
N.Y., N.Y. 10022
(212) 227-5700
Fax No. (212) 656-1889
jon@norinsberglaw.com

---

The Court is in receipt of Plaintiff's December 17, 2024 letter informing the Court of his difficulties in satisfying the 90-day requirement of Fed. R. Civ. P. 4(m). (Dkt. No. 9). The Court notes that the December 9, 2024 date of service is not within the 90 days required by Rule 4(m), as that would have been November 23, 2024. However, construing Plaintiff's letter as a request for an extension of the 90-day deadline in Rule 4(m), the Court finds that good cause has been established therefor and extends the time for service to December 9, 2024, the date Plaintiff represents service was effected. SO ORDERED.

Dated: New York, New York
       December 23, 2024

*[signature]*

Gary Stein
United States Magistate Judge
Southern District of New York